Segarra Olivero, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El 15 de agosto de 1994 Elina Irizarry Lugo falleció en Ponce, Puerto Rico. El 8 de febrero de 1988, había otorgado testamento ante el notario William Feliciano Ruiz. En dicho testamento designó como sus únicos y universales herederos a sus tres hijos habidos en su matrimonio con Antonio Santiago Resto, a saber: José Antonio, Eduardo y Lourdes. En el referido testamento compareció como uno de los testigos instrumentales, Carmen Irizarry Arroyo, prima hermana de los tres herederos instituidos, es decir,, pariente de los-mismos dentro del cuarto grado de consanguinidad.
Amparándose en lo preceptuado en el Artículo 631 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 2147, José Antonio Santiago Irizarry y su padre Antonio Santiago Resto instaron acción civil sobre Nulidad de Testamento ante el Tribunal de Primera Instancia, Sala Superior de Ponce, solicitando se decretara la nulidad del documento en cuestión y, en su consecuencia,, abierta la sucesión intestada de Elina Irizarry Lugo.
Toda vez que las partes coincidieron en que no existía controversia sobre hecho material alguno, solicitaron al Tribunal de Primera Instancia, que dictara sentencia sumaria a tenor con lo prescrito en la Regla 36 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 36.
El 17 de octubre de 1995 el Tribunal de Primera Instancia dictó sentencia declarando sin lugar la demanda que reclamaba un dictamen de nulidad del testamento impugnado. Resolvió el tribunal que la testigo instrumental Carmen Irizarry, si bien es prima hermana de los herederos instituidos en el testamento, en nada se benefició de las disposiciones testamentarias ya que no existe disposición testamentaria alguna a su favor. Resolvió, además, que la última voluntad de la testadora era clara y que esa voluntad debe prevalecer por encima de los términos del referido Artículo 631 del Código Civil.
No conforme con la sentencia dictada los demandantes acuden ante nos y señalan que cometió grave error el Tribunal de Primera Instancia al decretar la validez del testamento impugnado, no obstante la inobservancia de formalidades establecidas en el Código Civil para el otorgamiento de los testamentos abiertos.
El asunto ante nuestra consideración se rige por las disposiciones de los Artículos 631, 636, 644, 878, y 881 del Código Civil de Puerto Rico, que en lo pertinente leen así:

"Art. - 631 Herederos, legatarios y familiares como testigos.

En el testamento abierto tampoco podrán ser testigos los herederos y legatarios en él instituidos, ni los parientes de los mismos dentro del cuarto grado de consanguinidad y segundo de afinidad.

No están comprendidos en esta prohibición los legatarios y sus parientes, cuando el legado sea de algún objeto mueble o cantidad de poca importancia con relación al caudal hereditario. 31 L.P.R.A. see. 2147.

*1429
Art. 636 - Testamento será nulo si no se observan formalidades.

Será nulo el testamento en cuyo otorgamiento no se hayan observado las formalidades respectivamente establecidas en este capítulo." 31 L.P.R.A. see. 2152.

Art. 644 - Ante quién se otorgará.

El testamento abierto deberá ser otorgado ante notario y tres testigos idóneos que vean y entiendan al testador, y de los cuales uno, a lo menos, sepa y pueda leer y escribir.

Sólo se exceptuará de esta regla los casos expresamente determinados en este mismo subcapítulo. 31 L.P.R.A. see. 2181.

Art. 878 - Proximidad del parentesco; grado.

La proximidad del parentesco se determina por el número de generaciones, Cada generación forma un grado. 31 L.P.R.A. see. 2601.

Art. 881 - Grados, cómo se cuentan.

En las línea se cuentan tantos grados como generaciones o como personas, descontando la del progenitor.

En la recta se sube únicamente hasta el tronco. Así, el hijo dista del padre un grado, dos del abuelo y tres del bisabuelo.

En la colateral se sube hasta el tronco común y después se baja hasta la persona con quien se hace la computación. Por esto el hermano dista dos grados del hermano, tres del tío, hermano de su padre o madre, cuatro del primo hermano, y así en adelante. 31 L.P.R.A. see. 2604."
A la luz de los claros preceptos transcritos la sentencia recurrida es patentemente errónea. La necesidad ineludible de que los testamentos satisfagan los requisitos de forma establecidos en el Código Civil es un asunto definitivamente zanjado por nuestro Tribunal Supremo:
"La forma de los testamentos es algo solemne creado por el estatuto. Si no se siguen las formalidades de ley no tiene validez el testamento. Tales formalidades no son meras cuestiones de evidencia, sino requisitos sustantivos. Sin estos requisitos no hay testamento. Sin embargo, la apreciación de si en un testamento se han cumplido las formalidades legales es materia que incumbe a los tribunales. ...ya que el cumplimiento de aquellas es cuestión de hecho que compete di tribunal, en su apreciación, determinar, antes de que pueda declarar nula una disposición testamentaria en la cual aparezca expresada clara y terminantemente la voluntad del testador." Paz v. Fernández, 76 D.P.R. 742, 751-52 (1954). En el caso de autos es una cuestión de hechos indubitable que uno de los testigos es prima hermana de los herederos instituidos en el testamento y que esa circunstancia conlleva inescapablemente el incumplimiento de los preceptos citados. La inobservancia del Artículo 631, con todo lo grave que es, conduce irremisiblemente a otra violación de no menos envergadura. Una vez que se reconoce que Carmen Irizarry Arroyo es prima hermana de los herederos instituidos en el testamento, es inevitable el pronunciamiento concomitante de que no es un testigo idóneo tal y como lo requiere taxativamente el Artículo 644 del Código Civil. Si a todas luces ello es así, el testamento impugnado se otorgó ante sólo dos testigos idóneos, en manifiesto desafío a las prístinas disposiciones del código Civil. Es curioso que el tribunal recurrido no abordara en su sentencia estas obvias implicaciones de la inobservancia del Artículo 631 que aparejan la nulidad del testamento.
Tanto el tribunal recurrido como la parte apelada pretenden conferir a la voluntad del testador primacía absoluta totalmente desvinculada de las formalidades prescritas en el Código Civil. Pasan por alto que esa voluntad no produce los efectos jurídicos que pretende si no se canaliza en las formas establecidas en la ley, bajo pena de nulidad. Cicú, A. El Testamento, Editorial Revista de Derecho Privado, Madrid, 1959, a la página 37. Puesto en otros términos, aunque no exista duda acerca de la verdadera voluntad del testador, esa voluntad es ineficaz si no se ha manifestado y revestido de las *1430 correspondientes formalidades. Puig Brutau, Fundamentos de Derecho Civil. Editorial Bosch, Barcelona, Tomo V, Yol. II, Segunda Edición, páginas 9 y 10 (1973). 
La parte apelada pretende cimentar toda su argumentación en fundamentos palmariamente inaplicables a la situación de autos. Particularmente poco convincente resulta su alusión a la legislación española reciente que suprimió el concurso de testigos instrumentales en el otorgamiento de testamentos. Salta a la vista la endeblez de su posición. Simplemente ha esgrimido un argumento en el foro equivocado. En todo caso debería comparecer ante nuestros cuerpos legislativos a convencerlos de que deroguen los Artículos del Código Civil de Puerto Rico, aplicables a la controversia ante nuestra consideración.
La parte apelada asesta un golpe fatal a sus pretensiones cuando en el penúltimo párrafo de la página cuatro de su alegato intenta valerse de un comentario de José María Manresa y Navarro para persuadirnos de la futilidad de las disposiciones del Artículo 631. Nos dice textualmente qué "el número de los testigos en los testamentos se exige por leyes como solemnidades, más, si a pesar de la incapacidad de algunos, quedase suficiente.número sin tacha legal, será válido el testamento." Comentarios al Código Civil, Tomo V, Ed. Reus, Madrid, 1972, pág. 643. No parece advertir la parte apelada que en la situación del caso de autos, una vez declarada la incapacidad de la testigo Carmen Irizarry Arroyo, simple y llanamente no quedaron suficientes testigos sin tacha legal, pues sólo quedaron dos testigos, en flagrante quebrantamiento del Artículo 644, que exige que el testamento sea otorgado ante tres testigos idóneos.
Igualmente inmeritorios nos parecen los esfuerzos tanto del tribunal recurrido como de la parte apelante de utilizar el caso de Rivera Pitre v. Galarza Martínez, 108 D.P.R 565 (1979), para apuntalar sus contenciones. Los hechos del caso de Rivera Pitre y las cuestiones allí planteadas son obviamente inaplicables a la situación de autos.
El precepto consagrado en el Artículo 636 del Código Civil es diáfano y terminante: es nulo el testamento en que no se hayan observado las formalidades respectivamente establecidas-en el Código Civil.
S
Por los fundamentos expresados, se revoca la sentencia dictada por el Tribunal de Primera Instancia, objeto de la presente apelación y en su consecuencia resolvemos que es nulo e ineficaz en derecho el testamento abierto otorgado el 8 de febrero de 1988 por la causante Elina Irizarry Lugo, mediante la escritura Pública Número ocho (8) otorgada ante el notario público William Feliciano Ruiz.
Lo acordó el Tribunal y lo certifica la Secretaria General.
í
María de la C. González Cruz
Secretaria General
ESCOLIO 96 DTA 31
1. Véase, además, Federico Puig Peña, Tratado de Derecho Civil Español, Editorial Revista de Derecho Privado, Madrid, 1954, Tomo V, Yol. I, a las páginas 147 y 148.